IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE OHIO ORGANIZING COLLABORATIVE, *et al.*, | : : : |
| Plaintiffs, | : Case No. 2:15-CV-1802 : |
| v. | : JUDGE WATSON : |
| JON HUSTED, *et al.*, | : MAGISTRATE JUDGE KING : |
| Defendants. | : : : |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF RELATED CASE**

Defendants Ohio Secretary of State Jon Husted and Ohio Attorney General Mike DeWine offer this response to the Plaintiffs' Notice of Related Case (Doc. 7). Contrary to Plaintiffs' assertion, the claims alleged in this case are not related to the claims in *Northeast Ohio Coalition for the Homeless, et al. v. Husted, et al.*, Case No. 2:06-CV-00896 (S.D. Ohio) ("*NEOCH*"). The present action is distinct and unrelated to the *NEOCH* case and Plaintiffs' notion of "relatedness" is unworkable and unsupportable. A memorandum in support is attached.

Respectfully submitted,

MIKE DeWINE
Ohio Attorney General

*s/ Steven T. Voigt*
STEVEN T. VOIGT (0092879)
Senior Assistant Attorney General
SARAH E. PIERCE (0087799)
Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: (614) 466-2872; Fax: (614) 728-7592

1

steven.voigt@ohioattorneygeneral.gov
sarah.pierce@ohioattorneygeneral.gov

*Counsel for Defendants Secretary of State and Ohio Attorney General*

**MEMORANDUM IN RESPONSE**

I.   **INTRODUCTION AND BACKGROUND**

Plaintiffs the Ohio Organizing Collaborative, Jordan Isern, Carol Biehle, and Bruce Butcher ("Plaintiffs") brought this action against Defendants Ohio Secretary of State Jon Husted and Ohio Attorney General Mike DeWine ("Defendants"). (*See generally* Doc. 7.) They challenge the cumulative effect of several new Ohio laws and Secretary of State directives: (1) the elimination of "Golden Week"; (2) the number of early in-person voting locations; (3) a change in the formula used to determine the number of DRE voting machines that a county is obligated to own; (4) new requirements for counted absentee and provisional ballots; (5) no mailing of unsolicited absentee ballot applications to confirmation-status voters; (6) the procedure through which mistakes on provisional ballots can be cured; and, (7) the system for deciding whether votes cast in multi-precinct voting locations will be counted. (*See* Compl., Doc. 1 at ¶ 17; *see also* Notice of Related Case, Doc. 7 at 2-3.)

Although it was filed by *different* parties nearly nine years ago, and there are no claims currently pending in that case, Plaintiffs now claim that this action should be "related" under S.D. Ohio Civ. R. 3.1(b) to the *NEOCH* case. In *NEOCH*, the plaintiffs focused on the impact of Ohio's voter identification and provisional ballot laws *as applied* to voters in Ohio without identification other than the last four digits of their Social Security Numbers. (*See generally NEOCH*, Compl., Doc. 2) The parties negotiated a resolution to the *NEOCH* plaintiffs' claims and entered into a consent decree which expressly states that it is a "final and binding [action] among and between [the parties] as to the issues raised in the Plaintiffs' Complaint and Supplemental Complaint . . . ." (NEOCH, Consent Decree, Doc. 210, at 2.)

Nonetheless, nearly eight years after the initial *NEOCH* complaint was filed, the *NEOCH* plaintiffs filed a *Motion for Leave to File Second Supplemental Complaint*. (*NEOCH*, 2nd Supp. Compl., Doc. 429.) Although that Complaint *also* seeks to challenge S.B. 205 and S.B. 216, the motion for leave to file is still pending and the Complaint has not been filed. It is *that* proposed—but *un-filed*—Second Supplemental Complaint that the Plaintiffs wish to relate this action. Indeed, the Plaintiffs concede that they are seeking to relate the Complaint that is filed and pending before this Court to the one that is *not filed* in the *NEOCH* case. (Notice of Related Case, Doc. 7 at 3, PageID#79). That is, they compare the overlap between the allegations regarding S.B. 205 and S.B. 216 in the *Motion* and unfiled Complaint with those that are actually alleged in the Complaint filed in this case. (Notice of Related Case, Doc. 7 at 3.).

Plaintiffs' Notice of Related Case (Doc. 7) urges a broad and unsupportable notion of "relatedness" that seeks to relate pending claims to ones that are either unrelated and closed (as in *NEOCH*), or that are not currently pending before any Court (as in the *NEOCH* Second Supplemental Complaint). It should be rejected and this action should remain pending as it was properly assigned to this Court.

## II. ARGUMENT

### A. Plaintiffs' broad interpretation of "relatedness" is unsupported by a plain reading of the rule.

Plaintiffs' current complaint challenges the cumulative effect of a variety of Ohio's election laws and Secretary of State directives, *none of which were in existence at the time that the NEOCH lawsuit was filed nearly nine years ago*. Thus, their claims cannot possibly arise from the same event as the *NEOCH* claims, call for a determination of the same or substantially identical question of law or fact, result in the duplication of efforts, or result in conflicting orders of the Court. *See* Ohio S.D. Civ. R. 3.1(b). Therefore this case is not related to the *NEOCH* case

under even the plainest reading of S.D. Ohio Civ. R. 3.1(b) and Plaintiffs' broad interpretation of a "related" case is unsupportable and unwarranted.

This is especially true here where Plaintiffs' challenges are fundamentally different than those at issue—and resolved—in *NEOCH*. There, the initial complaint and First Supplemental Complaint combined to focus on the effect of voter identification and provisional balloting laws as applied to Ohio voters seeking to vote using only the last four digits of their Social Security Numbers. (*See generally NEOCH*, Compl., Doc. 2.) Here, Plaintiffs challenge *completely different laws* that were not even in existence at the time the initial or First Supplemental Complaint were filed—or resolved through the consent decree. And while some of those laws concern provisional balloting, S.D. Ohio Civ. R. 3.1(b) does *not* say that a case is related simply because it happens to deal with the same topic as one that was previously litigated. Nor does it say, as Plaintiffs seem to advocate, that a case is related if a challenge is based on the same constitutional amendment. (Doc. 7 at 2 PageID#78). The rule demands more.

Furthermore, as set forth in the *NEOCH* Defendant's Memorandum in Opposition to Plaintiffs' Motion for Leave to File a Second Supplemental Complaint (*NEOCH*, Doc. 432), the claims asserted in the proposed supplemental *NEOCH* complaint are not even related to those asserted in the initial or first supplemental *NEOCH* complaint. (*See generally NEOCH*, Doc. 432 at 8-13, Page ID # 15510-15515.). Finally, even if there may be some similarities in between the claims in this case and the not-filed Supplemental Complaint in NEOCH, this case is first-filed—not *NEOCH*.

In sum, there is *not* a single pending claim before *any* judge in this District relating to the present action. This fact is only underscored by the lengths to which the Plaintiffs go to compare the instant Complaint with one that is not even filed in *NEOCH*. This comparison is indicative

of the lengths to which Plaintiffs are attempting to stretch the concept of "relatedness". Their attempts should be rejected.

> **B. This District does not—and should not—have a single judge to hear *all* cases generally related to Ohio's election laws.**

Contrary to Plaintiffs' assertion, cases are not related under the rule because they are "similar" and "pertain[], in large part, to challenges to restrictions on voting and electoral processes that were implemented by the Ohio General Assembly[.]" (Doc. 7 at 2, PageID#78). Were that the case, one branch of the Court would end up with all election cases simply because they happen to challenge an Ohio election law. Given the other election cases currently pending before this Court (*see, e.g., Libertarian Party of Ohio, et al. v. Husted*, Case No. 2:13-cv-953 (S.D. Ohio); *Citizens in Charge, Inc., et. al. v. Husted*, Case No. 2:13-cv-935 (S.D. Ohio)), that is clearly not the case. Thus, in recognition of the principles underlying "relating" cases, Defendants Ohio Secretary of State Jon Husted and Ohio Attorney General Mike DeWine oppose Plaintiffs' Notice of Related Case.

Plaintiffs contend, and the Defendants do not dispute, that the Judge in *NEOCH* is well acquainted with Ohio's voting laws. But, so too, is this Court, *see Libertarian Party of Ohio, et al., v. Husted*, Case No. 2:13-cv-953 (S.D. Ohio); *Citizens in Charge, Inc., et. al. v. Husted*, Case No. 2:13-cv-935 (S.D. Ohio), as well as the other Judges of this District. *See, e.g.*, *Ohio State Conference of the National Association for the Advancement of Colored People, et al., v. Husted, et al.*, Case No. 2:14-cv-00404 (S.D. Ohio) (before Judge Economus); *Fair Elections Ohio, et al., v. Husted*, Case No. 1:12-cv-00797 (S.D. Ohio) (before Judge Dlott and Judge Spiegel); *Fair Elections Ohio, et al., v. Husted, et al.*, Case No. 2:12-cv-763 (S.D. Ohio) (before Judge Smith); *Judicial Watch, et al., v. Husted*, Case No. 2:12-cv-792 (S.D. Ohio) (before Judge Sargus); *Mooneyhan v. Husted*, Case No. 3:12-cv-379 (S.D. Ohio) (before Judge Rice). Read at

Plaintiffs' high level, "relatedness" loses any practical meaning. But that is what Plaintiffs advocate, re-assignment of an "election law" case. Cases simply cannot be assigned by topic such that one Judge handles all First Amendment cases, one Judge handles all Title VII cases, and one Judge handles all patent cases. Standards exist for relating cases, and for good reason. Plaintiffs have failed to meet those standards here and the case should remain as assigned.

### III. CONCLUSION

For the foregoing reasons, Defendants Ohio Secretary of State Jon Husted and Ohio Attorney General Mike DeWine respectfully oppose Plaintiffs' Notice of Related Case.

Respectfully submitted,

MIKE DEWINE
Ohio Attorney General

*s/ Steven T. Voigt*
STEVEN T. VOIGT (0092879)
Senior Assistant Attorney General
SARAH E. PIERCE (0087799)
Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: (614) 466-2872; Fax: (614) 728-7592
steven.voigt@ohioattorneygeneral.gov
sarah.pierce@ohioattorneygeneral.gov

*Counsel for Defendants Secretary of State and Ohio Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the U.S. District Court, Southern District of Ohio, on May 13, 2015, and served upon all parties of record via the court's electronic filing system.

*/s/ Steven T. Voigt*
STEVEN T. VOIGT (0092879)
Senior Assistant Attorney General
