IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE OHIO ORGANIZING COLLABORATIVE,** *et al.,*

    **Plaintiffs,**

    vs.    Civil Action 2:15-cv-1802
                                                Judge Watson
                                                Magistrate Judge King

**JON HUSTED,** *et al.,*

    **Defendants.**

## PRELIMINARY PRETRIAL ORDER

A preliminary pretrial conference was held, by telephone, on July 8, 2015. All parties were represented.

Plaintiffs allege that recent changes to Ohio's voting laws and practices, through both statutes and directives of the Secretary of State to county boards of elections, disadvantage all Ohio voters and, especially, minorities in contravention of the First, Fourteenth, and Fifteenth Amendments to the United States Constitution, Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, and Section 1971 of the Civil Rights Act of 1964, 52 U.S.C. § 10101. Plaintiffs seek declaratory and injunctive relief, as well as their attorneys' fees.

There is no jury demand.

Plaintiffs invoke the Court's subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343. Defendants challenge plaintiffs' standing and intend to address this issue at trial if no dispositive motions are to be entertained.

The parties agree that the Court has personal jurisdiction over

1

the parties and that venue is proper.

**Trial to the Court, expected to last less than one (1) week, will begin on November 16, 2015. Judge Watson will conduct a final pretrial conference on November 6, 2015, at 10:00 a.m. Trial briefs will be filed no later than November 12, 2015, unless otherwise ordered by the Court.**

The parties have made their Rule 26(a)(1) disclosures.

Motions or stipulations for leave to amend the pleadings may be filed, if at all, by November 1, 2015.

If the parties anticipate a proposed protective order, the parties are advised that the Court will authorize the filing of materials under seal only upon express leave of Court, only upon a showing good cause, and only to the extent necessary to preserve legitimate confidentiality concerns. *See Proctor & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir. 1996); *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1177 (6th Cir. 1983).

Plaintiffs contemplate discovery of electronically stored information. Defendants do not contemplate issues relating to ESI; however, defendants contemplate issues relating to the discovery of privileged information.

The parties may, without further leave of Court, agree to exceed the limits on discovery established by the Federal Rules of Civil Procedure or the local rules of this Court.

**Should the parties be unable to resolve a discovery dispute, the parties must promptly request a conference with the Court.**

The reports of primary experts must be produced by August 28, 2015; the reports of rebuttal experts must be produced by October 2,

2015. If the expert is specially retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties.  If the expert is not specially retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties.

All discovery must be completed by October 30, 2015.  The parties are advised that the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response by that date. Discovery-related motions must be filed prior to the discovery completion date.

It does not presently appear that the issues presented in this case can be settled, although defendants represent that certain issues may be rendered moot by the trial date.

If any date set herein falls on a weekend or legal holiday, the date of the next business day will control.

**The parties are advised that Judge Watson does not permit the filing of memoranda longer than 20 pages except with express leave of Court and upon demonstration that the complexity of the case requires the filing.**

Counsel for the parties indicated that they may seek reconsideration of this schedule. Any such request should be filed within seven (7) days and should include a detailed articulation why the parties cannot meet this schedule.

*s/Norah McCann King*
Norah M<sup>c</sup>Cann King
July 9, 2015                    United States Magistrate Judge