IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OHIO ORGANIZING COLLABORATIVE; JORDAN ISERN; CAROL BIEHLE; and BRUCE BUTCHER<br><br>Plaintiffs,<br><br>v.<br><br>JON HUSTED, in his official capacity as Secretary of State of the State of Ohio; and MIKE DEWINE, in his official capacity as Attorney General of the State of Ohio,<br><br>Defendants. | Case No. 2:15 CV 1802<br><br>Judge Watson<br><br>Magistrate Judge King |

**Motion for Reconsideration of Preliminary Pretrial Order and for Continuance of Trial Date**

Plaintiffs The Ohio Organizing Collaborative, Bruce Butcher, Carol Biehle, and Jordan Isern ("Plaintiffs") respectfully move this Court to reconsider the trial schedule set forth in its Preliminary Pretrial Order ("Order") entered on July 9, 2015. Due to the complexity of the factual issues in this case and the time it will take to develop them, Plaintiffs request a few amendments to key dates set forth in the trial schedule. For the reasons explained below, Plaintiffs request that the deadline for reports of primary experts be moved until no earlier than October 16, 2015, with rebuttal expert reports due two weeks later on October 30, 2015. Plaintiffs additionally request that the ordered trial date be moved to either December 14, 2015 or January 11, 2016.

**August 28, 2015 Deadline for Primary Expert Reports:** Plaintiffs request that the deadline for primary expert reports be moved to no earlier than October 16, 2015. Plaintiffs' claims turn on a highly fact intensive inquiry regarding the burdens, disparate impact, intent, and

1

purported justifications of the provisions challenged in their complaint. Under the current schedule, Plaintiffs have a mere seven weeks from now in which to collect the factual evidence they need and have their experts analyze it and write their reports, despite the fact that this case is still in its early stages and that discovery has just begun.

Plaintiffs developed their claims on the basis of documents and data provided by the State of Ohio in response to Plaintiffs' information requests. However, many key areas of information Plaintiffs' experts need to develop their reports can only be obtained through discovery of Defendants and third-parties. Under the current August 28th deadline, Plaintiffs will not have sufficient time to obtain this information and provide it to their experts for analysis and to incorporate it into a written report.

Plaintiffs have served their initial discovery requests on Defendants, but anticipate some conflicts with the other side as to what will be produced. In any event, Plaintiffs do not expect to receive any discovery from Defendants until the first week of August, at the earliest. Moreover, due to Ohio's decentralized electoral administration system, third parties such as the county Boards of Election have many of the documents that Plaintiffs will need to develop their claims. For example, Plaintiffs are challenging the new informational requirements imposed on voters casting absentee and provisional ballots by S.B. 205 and S.B. 216. In order to demonstrate the burdens and disparate impact imposed on voters by these requirements, Plaintiffs' experts will need to obtain information from at least a subset of the 88 county Boards of Election in Ohio regarding their implementation of S.B. 205 and S.B. 216 and information sufficient to allow them to determine the demographic composition of voters who are more likely to have absentee and provisional ballots rejected by the county Boards. Similarly, in order to analyze the impact of the challenged provisions on line length and wait times at the polls, Plaintiffs' experts will need, for

example, to obtain information from county Boards of Election regarding the reductions in the number of Direct Recording Electronic ("DRE") voting machines resulting from S.B. 200 and Directive 2014-16, as well as the increased pressure on polling sites resulting from S.B. 238's elimination of Golden Week and the limitation of one early-voting location per county. As with the discovery requests they have served on Defendants, Plaintiffs do not expect to receive responses to these subpoenas until early or mid-August.

Plaintiffs also anticipate that one of the Defendants' primary justifications for enacting the provisions challenged in the complaint is to prevent voter fraud. In order to rebut this claim, Plaintiffs intend to introduce expert opinion as to the actual prevalence of voter fraud in Ohio and the prophylactic effect, if any, the challenged provisions may have on preventing that fraud. In order to support this opinion, Plaintiffs will need to obtain from the Defendants and third parties evidence regarding the extent to which voter fraud actually exists in Ohio and the bases for concluding that the challenged provisions would remedy that problem.

Moreover, even if document requests were the only discovery Plaintiffs needed, this would be an insufficient amount of time for their experts to collect the information, analyze it, and write their reports by August 28th. However, Plaintiffs' experts will also need the benefit of depositions Plaintiffs intend to take of key election officials, which cannot be taken before Plaintiffs receive responses to their document requests. For example, Plaintiffs intend to take third-party depositions of approximately eight to 10 directors and/or members of Ohio's county Boards of Election regarding the implementation and effect on voters of the challenged provisions. Similarly, Plaintiffs intend to depose three to four officials in the Secretary of State's office who were responsible for developing and implementing the challenged provisions. Plaintiffs will also need to depose any other individuals who are identified during discovery as

having information or knowledge relevant to Plaintiffs' claims. Plaintiffs' experts will need the testimony provided in these depositions in order to conduct their analyses of whether the state's purported justifications for enacting the challenged provisions justify the burdens they impose on voters. However, there is not enough time between receiving responses to Plaintiffs' document requests in early August and the current August 28th deadline to take these depositions and have Plaintiffs' experts read the transcripts and incorporate them into their reports.

Furthermore, Plaintiffs anticipate that Defendants will oppose some key areas of their discovery, further delaying the discovery process. In particular, Plaintiffs allege that the provisions challenged in the complaint were motivated by an intent to discriminate on the basis of race and party affiliation. To develop this claim, Plaintiffs intend to seek discovery from members of the Ohio General Assembly and officials in the Secretary of State's office regarding the intent and purported justifications for enacting the challenged laws and regulations. Defendants have indicated that they may oppose such discovery on the grounds of legislative or administrative privilege, which will likely require the parties to ask this Court to resolve the issue. Given these likely delays in the discovery process, Plaintiffs do not reasonably expect to be able obtain the information their experts need to submit reports by August 28th.

Therefore, in order to accommodate both Plaintiffs' right to develop and present their case and this Court's concern with expediting these proceedings, Plaintiffs propose that, if this Court denies their request to continue the trial until either December 14, 2015 or January 11, 2016, October 16, 2015 be the date for submitting primary expert reports, with October 30 being the deadline for rebuttal reports. While this schedule reduces the period for submitting rebuttal expert reports, Plaintiffs do not believe that they or the Defendants will be prejudiced by this. Plaintiffs filed a highly detailed complaint of approximately 60 pages that fully apprises

4

Defendants of the nature of their claims. Furthermore, Plaintiffs have apprised Defendants of the four areas in which they intend to submit expert reports in their Rule 26(f) report. Thus, there is little risk that Defendants will be surprised by the reports prepared by Plaintiffs' experts or unable to finalize their rebuttal reports in the two weeks contemplated by Plaintiffs' proposed schedule.

If the Court grants Plaintiffs' request to continue the trial, Plaintiffs propose the following schedule for submitting expert reports: 1) if a trial date of December 14, 2015, then primary reports due on November 16, 2015 and rebuttal reports due on November 30th; or 2) if a trial date of January 11, 2016, then primary reports due on December 14, 2015 and rebuttals due on December 30th. However, regardless of the trial date ultimately imposed by this Court, Plaintiffs respectfully submit that they will be unable to submit primary expert reports by the August 28th deadline and request that the deadline be set no earlier than October 16th.

**November 16, 2015 Trial Date:** While Plaintiffs share this Court's concern with expediting these proceedings in order to obtain a ruling before the 2016 primary and general elections, Plaintiffs request that this Court reschedule the start of trial until either December 14, 2015 or January 11, 2016. As explained above, this case involves a number of factually complex issues about the impact of the challenged provisions on Ohio voters and the purported justifications for these provisions. A November 16, 2015 trial date would severely prejudice Plaintiffs' ability to develop the factual bases for these claims.

First, beyond the discovery Plaintiffs' experts will need in order to develop their opinions and write their reports, Plaintiffs expect that their discovery requests will yield a large volume of documentary material. For example, in order to determine the impact of S.B. 205's and S.B. 216's new requirements for casting absentee and provisional ballots, Plaintiffs seek the absentee and provisional ballots that have been rejected in four previous elections. Similarly, in order to

5

determine the impact of S.B. 200 and Directive 2014-26 on the number of DRE voting machines, Plaintiffs seek information on the allocation of voting machines in each polling place in the counties that use DRE machines as their primary voting device. These are just two examples of the types of discovery Plaintiffs seek that will likely result in a large volume of documents to be reviewed and analyzed by Plaintiffs' counsel.

Other factors demonstrate the difficulty Plaintiffs will have in preparing for a November 16th trial. In particular, Defendants have indicated that they will oppose discovery of members of the Ohio General Assembly, which will likely require the parties to seek resolution of this issue from the Court and delay the discovery process. Similarly, a November 16th trial date does not allow Plaintiffs enough time to identify and prepare relevant witnesses to testify at trial, which will be necessary to demonstrate how the various challenged provisions have impacted, and will continue to impact, Ohio voters.

Finally, Plaintiffs also note that two key and senior members of Plaintiffs' trial team, Counsel Josh Kaul and Partner Bruce Spiva, are in trial for most of the remainder of July in *North Carolina State Conference of the NAACP, et al., v. McCrory, et al.*, No. 1:13-cv-658 (M.D.N.C.) and will be unable to assist with trial preparation until late July or early August. Partner Bruce Spiva is also schedule to be in trial for two weeks in October in *Harris v. McCrory*, No. 1:13-cv-00949 (M.D.N.C.). These prior and longstanding commitments put significant constraints on Plaintiffs' counsel's ability to adequately prepare for a November 16th trial.

For these reasons, Plaintiffs propose either December 14, 2015 or January 11, 2016 as the date for the start of trial. Either date would both make it more likely that Plaintiffs' counsel will have sufficient time to develop their case and prepare as well as allow the Defendants and the State of Ohio sufficient time to implement any changes to the State's election laws ordered by

this Court before the March 15, 2016 primaries. Furthermore, both of these dates leave sufficient time for either side to seek relief from the Sixth Circuit, either on the merits or in the form of interim relief, before the March 15 primaries.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that 1) this Court set a deadline for submitting primary expert reports no earlier than October 16, 2015, and 2) continue the trial date until either December 14, 2015 or January 11, 2016.

Dated: July 13, 2015                              Respectfully submitted,

        /s/ Donald J. McTigue  
**Donald J. McTigue (0022849)**  
**Trial Attorney**  
**J. Corey Colombo (0072398)**  
McTigue McGinnis & Colombo LLC  
545 East Town Street  
Columbus, OH 43215  
Telephone: (614) 263-7000  
Facsimile: (614) 263-7078  
dmctigue@electionlawgroup.com  
ccolombo@electionlawgroup.com  

**Marc E. Elias***  
**Bruce V. Spiva***  
**Elisabeth C. Frost***  
**Rhett P. Martin***  
Perkins Coie LLP  
700 Thirteenth Street, N.W., Suite 600  
Washington, D.C. 20005-3960  
Telephone: 202-654-6200  
Facsimile: 202-654-6211  
MElias@perkinscoie.com  
BSpiva@perkinscoie.com  
EFrost@perskinscoie.com  
RMartin@perkinscoie.com  

**Joshua L. Kaul**\*  
Perkins Coie LLP  
1 East Main Street  
Suite 201  
Madison, WI 53703-5118  
Telephone: (608) 663-7499  
Facsimile: (608) 663-7499  

Attorneys for Plaintiffs The Ohio Organizing Collaborative, Jordan Iser, Carol Biehle, and Bruce Butcher  

*Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the United States District Court, Southern District of Ohio, on July 13, 2015, and served upon all parties of record via the court's electronic filing system.

By: /s/ Donald J. McTigue<br>
DONALD J. MCTIGUE (0022849)