IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OHIO ORGANIZING COLLABORATIVE; JORDAN ISERN; CAROL BIEHLE; and BRUCE BUTCHER<br><br>Plaintiffs,<br><br>v.<br><br>JON HUSTED, in his official capacity as Secretary of State of the State of Ohio; and MIKE DEWINE, in his official capacity as Attorney General of the State of Ohio,<br><br>Defendants. | Case No. 2:15 CV 1802<br><br>**JUDGE WATSON**<br><br>**MAGISTRATE JUDGE KING** |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO SUBSTITUTE PLAINTIFF OHIO ORGANIZING COLLABORATIVE PURSUANT TO RULE 21 AND TO AMEND COMPLAINT PURSUANT TO RULE 15**

Plaintiffs submit this memorandum in support of their motion to make two types of amendments to the complaint in the above-captioned action. First, Plaintiff Ohio Organizing Collaborative ("OOC"), by and through its undersigned counsel, hereby moves pursuant to Federal Rules of Civil Procedure 15 and 21 to withdraw from the above-captioned suit and to amend the complaint to substitute three parties in its place: 1) the Ohio Democratic Party ("ODP"); 2) the Democratic Party of Cuyahoga County ("DPCC"); and 3) the Montgomery County Democratic Party ("MCDP").

After careful consideration, Plaintiff OOC has determined that it is unable to continue as a party to this litigation. OOC is a non-profit organization with limited resources, and it does not have the institutional capability to remain as a plaintiff. For this reason, and after learning that ODP, DPCC, and MCDP were willing to take its place, OOC notified counsel of its decision to withdraw. OOC therefore no longer wishes to remain a party to this suit.

Second, Plaintiffs hereby move to drop their claims that overlap with those in the

Supplemental Complaint that Judge Marbley recently permitted to proceed in his August 7, 2015 Order in *The Northeast Ohio Coalition for the Homeless, et al., v. Husted, et al.*, No. 2:06-CV-00896 (S.D. Ohio) (Dkt. 452 Aug. 7, 2015) ("NEOCH Suit"). On October 30, 2014, the plaintiffs in the NEOCH Suit, which include ODP, moved to supplement their complaint to assert several of the challenges that Plaintiffs have asserted in this action. In particular, the plaintiffs in the NEOCH Suit sought leave to challenge 1) S.B. 205's and S.B. 216's new informational requirements for casting and having counted absentee and provisional ballots; 2) the state's failure to provide adequate opportunities to cure mistakes on the provisional ballot affirmation form; and 3) the arbitrary system resulting from S.B. 216's grant to each county of the discretion whether to consolidate poll books at multi-precinct voting locations. Now that Judge Marbley has allowed the NEOCH Suit plaintiffs to proceed with these claims, Plaintiffs wish to drop their overlapping claims and proceed on their remaining challenges, which are: 1) S.B. 238's elimination of "Golden Week"; 2) the rule limiting each county to a single location for EIP voting regardless of population; 3) the reductions in the number of DRE voting machines in counties that use them as their primary voting device; and 4) Secretary Husted's policy of excluding "inactive" voters from the mailing of unsolicited absentee ballot applications.[1]

    For the reasons stated below, OOC therefore requests that this Court grant its motion to withdraw pursuant to Rules 15 and 21 and to allow ODP, DPCC, and MCDP to substitute themselves for OOC. Plaintiffs additionally request that this Court grant their motion to amend the complaint to reflect the substitution of parties and the withdrawal of some of their claims

---

[1] Plaintiff Carol Biehle is challenging S.B. 216's grant of discretion to each county to decide whether to consolidate the poll books at multi-precinct voting locations. If this Court permits Plaintiffs to withdraw this claim, then Plaintiff Biehle will lack standing. For this reason, Plaintiff Biehle requests that if this motion is granted, her claim be dismissed without prejudice so as to permit her to pursue this claim in the NEOCH Suit if she so chooses.

under Rule 15. A copy of the amended complaint reflecting the change of parties and the change in claims is attached as Exhibit 1 to the accompanying Motion.[2]

## I. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 21 provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Similarly, Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]hese rules are governed by essentially the same, liberal standard." *Thorn v. Bob Evans Farms, LLC*, 2013 WL 2456336, at *2 (S.D. Ohio June 6, 2013) (granting motion to substitute plaintiffs under Rules 15 and 21); *see also Chowdhury v. Haveli Rest., Inc.*, 2005 WL 1037416, at *1 (S.D.N.Y. May 3, 2005) ("In deciding whether a party may be added under [Rule 21], a court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15."); *Junior Gallery, Ltd. v. Neptune Orient Line, Ltd.*, 1997 WL 26293, *1, n.2 (S.D.N.Y. Jan. 22, 1997) (the court "possesses broad discretion under Fed. R. Civ. P. 21 to permit a change in the parties").

Thus, a motion to substitute parties and amend a complaint should be denied only "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Thorn*, 2013 WL 2456336, at *2 (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)). "The decision as to whether leave to amend and/or to substitute should be granted is committed to the trial court's discretion." *Id.*; *see also Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 266 (6th Cir.2003), *overruled on other grounds by Blackburn v. Oaktree Capital Management, LLC*, 511 F.3d 633 (6th Cir.2008). In denying a motion to

---

[2] Pursuant to Local Rule 7.3, Plaintiffs' counsel sought consent from Defendants' counsel to amend the complaint to substitute the parties and drop the overlapping claims. Defendants' counsel refused that request.

amend, a court must find "at least some significant showing of prejudice to the opponent." *Moore v. City of Paducah*, 790 F. 2d 557, 562 (6th Cir. 1986).

Because leave to substitute and amend is to be liberally granted, courts routinely allow for the substitution of new named plaintiffs and the withdrawal of claims. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that Rule 15's "mandate [of liberally allowing amendments] is to be heeded"); *Moore*, 790 F. 2d at 559 (holding that the "thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than technicalities of pleadings.") (internal quotation marks omitted); *Dura Operating Corp. v. Magna Int'l*, 2011 WL 1296990, at *3 (E.D. Mich. Apr. 5, 2011) ("Rules 15 and 21 have been consistently interpreted to favor granting leave to amend.").

### B. Substitution of Parties

The principles discussed above weigh strongly in favor of permitting the substitution of ODP, DPCC, and MCDP for Plaintiff OOC in this case. First, the ends of justice are best served by permitting this substitution. It is possible that, without Plaintiff OOC, ODP, DPCC, and MCDP will be necessary to provide standing for some of the claims alleged in the complaint. For example, MCDP operates in Montgomery County, which uses Direct Recording Electronic ("DRE") voting machines and whose voters will be affected by the reduction in the number of DRE machines resulting from S.B. 200 and Secretary of State Directive 2014-26. Similarly, ODP, DPCC, and MCDP have been, and will continue to be, involved in efforts to ensure that provisional ballots are accurately counted, which enables them to challenge S.B. 216's restrictions on casting effective provisional ballots and the failure to provide an opportunity to cure mistakes on the provisional ballot affirmation form after Election Day. Refusing to allow their substitution could possibly jeopardize Plaintiffs' ability to try their claims on the merits, the very thing Rule 15 was designed to protect against. *Moore*, 790 F. 2d at 559 (the "thrust of Rule

15 is to reinforce the principle that cases should be tried on their merits . . . .").

Furthermore, the interests of judicial economy would best be served by permitting this amendment and the substitution of the parties. If this Court were to deny this motion, Plaintiffs would be compelled to dismiss the instant suit and refile so as to ensure standing to pursue all of the claims alleged in the complaint. As the U.S. Supreme Court has explained, "[t]o dismiss the present [suit] and require the new plaintiffs to start over in the District Court would entail needless waste." *Mullaney v. Anderson*, 342 U.S. 415, 417 (1952) (permitting substitution of two parties for the plaintiffs under Rule 21). This is particularly true where, as here, Defendants have already answered the complaint and discovery between the parties and third-parties is underway.

Furthermore, none of the grounds for denying this motion are present here. This motion is in good faith because it is brought solely as a result of OOC's inability to commit the necessary resources to this litigation. As soon as OOC raised these concerns and confirmed its decision to withdraw on August 11, 2015After OOC raised its concerns, Plaintiffs' counsel acted as expeditiously as possible in moving to substitute and amend. Indeed, denying this motion would result in more delay than granting it because Plaintiffs will then be forced to dismiss this suit and refile for the reasons explained above.

Moreover, Defendants will not be prejudiced by permitting Plaintiffs to replace OOC with the ODP, DPCC, and MCDP. This substitution will require only the replacement of OOC's name in the caption and in the two paragraphs of the complaint that describe its activities, and the addition of paragraphs specific to ODP, DPCC, and MCDP. The amended complaint contemplates no new claims or theories of relief, nor any amendment to Defendants' answer other than to respond to the new allegations regarding the new parties. Granting this motion amounts to little more than swapping one organizational plaintiff out for others.

Finally, granting this motion will not meaningfully affect the discovery process.

Plaintiffs' responses to Defendants' discovery requests are currently due on August 19, 2015. Substituting ODP, DPCC, and MCDP for OOC will not affect Defendants' discovery of the individual Plaintiffs. Moreover, ODP, DPCC, and MCDP are asserting virtually identical claims and are similarly situated with respect to their activities as OOC. Thus, it will require little effort for Defendants to serve on the new parties the requests they served on OOC. Furthermore, this will not significantly delay the discovery process. Under the Court's current Scheduling Order, discovery will not close until October 30, 2015, giving Defendants ample time to pursue discovery from the new parties. Because the Defendants will not be prejudiced, and the ends of justice would be better served thereby, this motion should be granted. *See, e.g.*, *Moore*, 790 F. 2d at 562 (a court must find "at least some significant showing of prejudice to the opponent" in order to deny a motion to substitute and amend).

    **C.    Withdrawal of Overlapping Claims**

As with the substitution of the parties, the ends of justice would best be served by permitting Plaintiffs to drop their claims that overlap with the NEOCH Suit. As explained above, there are three categories of overlapping claims: 1) S.B. 205's and S.B. 216's new informational requirements for casting and having counted absentee and provisional ballots; 2) the state's failure to provide adequate opportunities to cure mistakes on the provisional ballot affirmation form; and 3) the arbitrary system resulting from S.B. 216's grant to each county of the discretion whether to consolidate poll books at multi-precinct voting locations. The challenges to these laws in the NEOCH Suit are premised on essentially the same legal theories as the claims in the suit here, and it would unnecessarily waste the resources of this Court as well as the parties to litigate the same claims in two different fora.

Furthermore, permitting Plaintiffs to withdraw these claims will impose no prejudice on Defendants. The reduced number of claims simplifies this suit and makes it easier for both

parties to litigate. Moreover, whatever time and effort Defendants have already spent in litigating the withdrawn claims will not be wasted, as they will be opposing the same claims in the NEOCH Suit. For these reasons, Plaintiffs respectfully request that this Court grant their motion pursuant to Rule 15 to withdraw from this action the claims overlapping with those in the NEOCH Suit. *See, e.g.*, *Paglin v. Saztec Int'l, Inc.*, 834 F. Supp. 1184, 1190 (W.D. Mo. 1993) (granting Rule 15 motion to amend where "allowing plaintiffs to withdraw their discrimination claims at this time will simplify and focus the issues presented by this case . . . and expedite the presentation of evidence").

## II. CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court grant Plaintiff OOC's motion pursuant to Rules 15 and 21 to withdraw and to permit ODP, DPCC, and MCDP to substitute in its place. Plaintiffs additionally request that this Court grant their motion to amend the complaint by dropping the claims that overlap with the NEOCH Suit.

Dated: August 13, 2015                    Respectfully submitted,

                                                              /s/ Donald J. McTigue_____
**Donald J. McTigue (0022849)**
**Trial Attorney**
**J. Corey Colombo (0072398)**
McTigue McGinnis & Colombo LLC
545 East Town Street
Columbus, OH 43215
Telephone: (614) 263-7000
Facsimile: (614) 263-7078
dmctigue@electionlawgroup.com
ccolombo@electionlawgroup.com

**Marc E. Elias**\*
**Bruce V. Spiva**\*
**Elisabeth C. Frost**\*
**Rhett P. Martin**\*
Perkins Coie LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: 202-654-6200
Facsimile: 202-654-6211
MElias@perkinscoie.com
BSpiva@perkinscoie.com
EFrost@perskinscoie.com
RMartin@perkinscoie.com

**Joshua L. Kaul**\*
Perkins Coie LLP
1 East Main Street
Suite 201
Madison, WI 53703-5118
Telephone: (608) 663-7499
Facsimile: (608) 663-7499

Attorneys for Plaintiffs The Ohio Organizing Collaborative, Jordan Isern, Carol Biehle, and Bruce Butcher


\*Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the United States District Court, Southern District of Ohio, on August 13, 2015, and served upon all parties of record via the court's electronic filing system.

By: /s/ Donald J. McTigue
DONALD J. MCTIGUE (0022849)
