**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THE OHIO DEMOCRATIC PARTY,** *et al.* | **:** | |
| | **:** | |
| Plaintiffs, | **:** | Case No. 2:15-CV-1802 |
| | **:** | |
| v. | **:** | JUDGE WATSON |
| | **:** | |
| **JON HUSTED,** *et al.*, | **:** | MAGISTRATE JUDGE KING |
| | **:** | |
| Defendants. | **:** | |

---

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANTS' SECRETARY OF STATE JON HUSTED AND**
**ATTORNEY GENERAL MIKE DᴇWINE TO PLAINTIFFS' AMENDED**
**COMPLAINT [DOC. 41]**

---

For their Answer and Affirmative Defenses to Plaintiffs' Amended Complaint (Doc. No. 41), Defendants Ohio Secretary of State Jon Husted and Ohio Attorney General Mike DeWine state:

**ANSWER**

1.  Paragraph 1 of the Amended Complaint consists of legal conclusions and no response is required. To the extent further response is required, any allegations in Paragraph 1 are denied. Defendants specifically deny that Plaintiffs are entitled to any relief.

2.  Paragraph 2 of the Amended Complaint consists of legal conclusions and no response is required. To the extent further response is required, any allegations in Paragraph 2 are denied.

3.  As to Paragraph 3 of the Amended Complaint, S.B. 238 speaks for itself, and no response to allegations regarding its content is required. Defendants admit that S.B. 238 was signed by the Governor on February 21, 2014. Defendants deny any and all remaining

allegations in Paragraph 3. In response to footnote 1, the Ohio Revised Code speaks for itself. To the extent further response related to the Ohio Revised Code is required, any allegations in footnote 1 are denied.

4. As to Paragraph 4 of the Amended Complaint, the Secretary of State issued Directives numbered 2014-06, 2014-17, and 2014-30. Directives 2014-06, 2014-17, and 2014-30 speak for themselves, and no response to allegations regarding their content is required. To the extent further response related to the Directives is required, any allegations are denied. Defendants deny the remaining allegations in Paragraph 4.

5. As to Paragraph 5 of the Amended Complaint, the Settlement Agreement referred to in this Paragraph speaks for itself, and no response to allegations regarding its content is required in this Answer. To the extent further response related to the Settlement Agreement is required, any allegations are denied. Defendants deny the remaining allegations in Paragraph 5. To the extent a response is required to footnote 2, any allegations are denied.

6. As to Paragraph 6 of the Amended Complaint, Ohio Rev. Code § 3501.10(C) speaks for itself, and no response to allegations regarding its content is required in this Answer. To the extent further response is required regarding Ohio Rev. Code § 3501.10(C), any allegations are denied. The City of Columbus and the main campus of The Ohio State University are located in Franklin County. Defendants deny the remaining allegations in Paragraph 6.

7. As to Paragraph 7 of the Amended Complaint, S.B. 200 speaks for itself, and no response to allegations regarding its content is required in this Answer. To the extent further response is required regarding S.B. 200, any allegations are denied. Defendants admit

that S.B. 200 was signed by the Governor on December 19, 2013. Defendants deny the remaining allegations in Paragraph 7.

8. As to Paragraph 8 of the Amended Complaint, S.B. 200 speaks for itself, and no response to allegations regarding its content or effect is required in this Answer. To the extent further response is required regarding S.B. 200, any allegations are denied. To the extent there are other allegations in Paragraph 8, those are denied.

9. As to Paragraph 9 of the Amended Complaint, the Secretary of State issued a Directive numbered 2014-26. Directive 2014-26 speaks for itself, and no response to allegations regarding its content or effect is required in this Answer. To the extent further response is required regarding Directive 2014-26, any allegations are denied. Defendants deny the remaining allegations in Paragraph 9.

10. As to Paragraph 10 of the Amended Complaint, S.B. 205 and S.B. 216 speak for themselves, and no response to allegations regarding their content is required in this Answer. To the extent further response is required regarding S.B. 205 and S.B. 216, any allegations are denied. Defendants deny the remaining allegations in Paragraph 10.

11. As to Paragraph 11 of the Amended Complaint, S.B. 205 and Directive 2014-15 speak for themselves, and no response to allegations regarding their content or effect is required in this Answer. To the extent further response is required regarding S.B. 205 and Directive 2014-15, any allegations are denied. Defendants deny the remaining allegations in Paragraph 11.

12. As to Paragraph 12 of the Amended Complaint, S.B. 216 speaks for itself, and no response to allegations regarding its content or effect is required in this Answer. To the extent further response is required regarding S.B. 216, any allegations are denied.

Defendants deny the remaining allegations in Paragraph 12. To the extent there are legal conclusions in Paragraph 12, they do not require a response and are deemed denied.

13. As to Paragraph 13 of the Amended Complaint, S.B. 216 speaks for itself, and no response to allegations regarding its content or effect is required in this Answer. To the extent further response is required regarding S.B. 216, any allegations are denied. The legal conclusions in Paragraph 13 do not require a response and are deemed denied. Defendants deny the remaining allegations in Paragraph 13.

14. Paragraph 14 of the Amended Complaint consists of legal conclusions, and no response is required. To the extent further response is required, any allegations are denied.

15. Paragraph 15 of the Amended Complaint is denied.

16. Paragraph 16 of the Amended Complaint is denied.

17. Paragraph 17 of the Amended Complaint consists of legal conclusions, and no response is required. To the extent further response is required, any allegations are denied.

18. Paragraph 18 of the Amended Complaint consists of legal conclusions, and no response is required. To the extent further response is required, any allegations are denied.

19. Paragraph 19 of the Amended Complaint consists of legal conclusions, and no response is required. To the extent further response is required, any allegations are denied.

20. Defendants admit that the Court has authority to issue declaratory relief when authorized by law. Defendants deny that Plaintiffs are entitled to any such relief.

21. Defendants admit the allegations in Paragraph 21 of the Amended Complaint.

22. Defendants admit that the Ohio Democratic Party is a political organization. Regarding the other statements in this Paragraph, Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations; and therefore, those allegations are denied.

23.     Defendants deny the allegations in Paragraph 23 of the Amended Complaint. To the extent there are legal conclusions in Paragraph 23, no response is required, and the allegations are deemed denied.

24.     Defendants admit that the Democratic Party of Cuyahoga County is a political organization. Regarding the other statements in this Paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations; and therefore, those allegations are denied.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph; and therefore, those allegations are denied.

26.     Defendants deny the allegations in Paragraph 26 of the Amended Complaint. To the extent there are legal conclusions in Paragraph 26, no response is required, and the allegations are deemed denied.

27.     Defendants admit that Montgomery County Democratic Party is a political organization. Regarding the other statements in this Paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations; and therefore, those allegations are denied.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph; and therefore, those allegations are denied.

29.     Defendants deny the allegations in Paragraph 29 of the Amended Complaint. To the extent there are legal conclusions in Paragraph 29, no response is required, and the allegations are deemed denied.

30.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph; and therefore, those allegations are denied. To the extent there are legal conclusions in Paragraph 30, no response is required, and the allegations are deemed denied.

31.    Defendants deny the allegations in Paragraph 31 of the Amended Complaint.

32.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint; and therefore, those allegations are denied. To the extent there are legal conclusions in Paragraph 26, no response is required, and the allegations are deemed denied.

33.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33of the Amended Complaint; and therefore, those allegations are denied. To the extent there are legal conclusions in Paragraph 33, no response is required, and the allegations are deemed denied. The characterizations and other allegations in the last sentence of Paragraph 33 are denied.

34.    Jon Husted is the Secretary of State of Ohio. The remaining allegations in Paragraph 28 of the Amended Complaint are legal conclusions, and are therefore deemed denied. To the extent any allegations remain, they are denied.

35.    Mike DeWine is the Attorney General of Ohio. The remaining allegations in Paragraph 29 of the Amended Complaint are legal conclusions, and are therefore deemed denied. To the extent any allegations remain, they are denied.

36.    Defendants deny the allegations in Paragraph 36.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Amended Complaint; and therefore, those allegations are denied. To the extent any allegations remain, they are denied.

38. The allegations in Paragraph 38 of the Amended Complaint are denied.

39. The allegations in Paragraph 39 of the Amended Complaint are denied.

40. The Ohio Constitution, prior versions of the Ohio Constitution, and amendments and proposed amendments are documents and laws that speak for themselves. To the extent any allegations in Paragraph 40 remain, they are denied.

41. Past laws speak for themselves, and the allegations about past laws are therefore denied. To the extent Paragraph 41 contains conclusions of law, no response is necessary, and the legal conclusions are deemed denied. To the extent any allegations remain, they are denied.

42. Past laws speak for themselves, and the allegations about past laws are therefore denied. To the extent Paragraph 42 contains conclusions of law, no response is necessary, and the legal conclusions are deemed denied. To the extent any allegations remain, they are denied.

43. Paragraph 43 of the Amended Complaint consists of legal conclusions, and no response is required. To the extent further response is required, any allegations are denied.

44. Paragraph 44 of the Amended Complaint consists of legal conclusions, and no response is required. To the extent further response is required, any allegations are denied.

45. Defendants deny any fact allegations in Paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Amended Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Amended Complaint.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Amended Complaint; and therefore, those allegations are denied.  To the extent any allegations remain, they are denied.

50.     Defendants deny the allegations in Paragraph 50 of the Amended Complaint.  Footnote 3 of the Amended Complaint speaks for itself and does not require a response. To the extent further response is required, any allegations are denied.

51.     Defendants deny the allegations in Paragraph 51 of the Amended Complaint.

52.     Regarding the statistics in Paragraph 52 that are quoted without source citations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations; and therefore, the allegations are denied.  The remainder of the allegations in Paragraph 52 are denied.

53.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statistics that are not accompanied by citations in Paragraph 53, and therefore, deny them.  Defendants deny the remaining allegations in Paragraph 53.

54.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statistics that are not accompanied by citations in Paragraph 54, and therefore, deny them.  Defendants deny the remaining allegations in Paragraph 54.

55.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statistics that are not accompanied by citations in Paragraph 55, and therefore, deny them.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statistics that are not accompanied by citations in Paragraph 56, and therefore, deny them. Defendants deny the remaining allegations in Paragraph 56.

57. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statistics that are not accompanied by citations in Paragraph 57, and therefore, deny them. Defendants deny the remaining allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58 of the Amended Complaint.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statistics that are not accompanied by citations in Paragraph 59, and therefore, deny them. Defendants deny the remaining allegations in Paragraph 59.

60. Regarding the statistics in Paragraph 60 that are quoted without source citations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations; and therefore, the allegations are denied. The remainder of the allegations in Paragraph 60 are denied.

61. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and therefore, deny them.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding statistical numbers in Paragraph 62, and therefore, deny them. Defendants deny the remaining allegations in Paragraph 62.

63. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and therefore, deny them.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and therefore, deny them.

65. Regarding the statistics in Paragraph 65 that are quoted without source citations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations; and therefore, the allegations are denied. The remainder of the allegations in Paragraph 59 are denied.

66. Defendants deny the allegations in Paragraph 66 of the Amended Complaint.

67. Josh Mandel was elected Treasurer of State in the 2010 general election. His opponent in the general election was Kevin Boyce. With regard to all of the other allegations in Paragraph 67 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to their truth; and therefore, the allegations are denied.

68. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and therefore, deny them.

69. Defendants deny the allegations in Paragraph 69 of the Amended Complaint.

70. The case and settlement agreement referenced in Paragraph 70 of the Amended Complaint speak for themselves. To the extent further response is required, any allegations are denied. To the extent there are fact allegations in Paragraph 64, those allegations are denied.

71. Paragraph 71 of the Amended Complaint appears to refer to one or more statutes, which speak for themselves. Defendants deny Plaintiffs' characterizations of the statutes. Defendants deny the allegations in this Paragraph. As to footnote 4, the prior code provisions referenced speaks for itself. To the extent further response is required for Paragraph 71 or footnote 4, those allegations are denied.

72. The allegation in Paragraph 72 is vague and uncertain; and therefore, it is denied.

73. As to Paragraph 73, the City of Columbus is located in Franklin County and the City of Cleveland is located in Cuyahoga County. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statistics that are not accompanied by citations in Paragraph 73, and therefore, deny them. Defendants deny the remaining allegations in Paragraph 73.

74. Paragraph 74 of the Amended Complaint contains conclusions of law to which no response is required. To the extent further response is required, any allegations are denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statistics that are not accompanied by citations in this Paragraph and any remaining allegations; and therefore, the allegations are denied.

75. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations about the report and poll that are not accompanied by citations in this Paragraph; and therefore, the allegations are denied. To the extent further response is required, the allegations in Paragraph 75 are denied.

76. H.B. 194, S.B. 205, and S.B. 216 referenced in Paragraph 76 of the Amended Complaint speak for themselves, and no response to allegations regarding their content is required. Defendants deny the remaining allegations in Paragraph 76.

77. H.B. 194 referenced in Paragraph 77 of the Amended Complaint speaks for itself, and no response to allegations regarding its content is required. To the extent further response is required, the allegations are denied.

78. Defendants deny the allegations in Paragraph 78.

79. Regarding the statistics in Paragraph 79 that are quoted without source citations, Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations; and therefore, the allegations are denied. The remainder of the allegations in Paragraph 79 are denied.

80. Defendants deny the allegations in Paragraph 80.

81. Regarding the statistics in Paragraph 81 that are quoted without source citations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations; and therefore, the allegations are denied. The remainder of the allegations in Paragraph 81 are denied.

82. As to Paragraph 82 of the Amended Complaint, S.B. 238 and its legislative history speak for themselves, and no response to allegations regarding its content and history is required in this Answer. Any other allegations contained in Paragraph 82 are denied.

83. Defendants deny the allegations in Paragraph 83 of the Amended Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Amended Complaint.

85. Paragraph 85 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied.

86. Paragraph 86 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied.

87. Paragraph 87 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied. To the extent there are fact allegations in Paragraph 87, those allegations are denied.

88. Paragraph 88 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied.

89. Defendants deny the allegations in Paragraph 89 of the Amended Complaint.

90. Defendants deny the allegations in Paragraph 90 of the Amended Complaint.

91. Defendants deny the allegations in Paragraph 91 of the Amended Complaint.

92. Defendants deny the allegations in Paragraph 92 of the Amended Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Amended Complaint.

94. Defendants deny the allegations in Paragraph 94 of the Amended Complaint.

95. Defendants deny the allegations in Paragraph 95 of the Amended Complaint.

96. The directives cited in Paragraph 96 of the Amended Complaint speak for themselves, and no response to allegations regarding their content is required. To the extent further response is required, any allegations are denied. Defendants deny the remaining allegations in Paragraph 96. The directives cited in footnote 5 speak for themselves, and no response to allegations regarding their content is required. To the extent further response is required for Paragraph 96 or footnote 5, those allegations are denied.

97. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statistics that are not accompanied by citations in Paragraph 97, and therefore, deny them. Defendants deny the remaining allegations in Paragraph 97.

98. Paragraph 98 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied. To the extent there are fact allegations in Paragraph 98, those allegations are denied.

99. Paragraph 99 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied. To the extent there are fact allegations in Paragraph 99, those allegations are denied.

100. Defendants deny the allegations in Paragraph 100 of the Amended Complaint.

101. Defendants deny the allegations in Paragraph 101 of the Amended Complaint.

102. Defendants deny the allegations in Paragraph 102 of the Amended Complaint.

103. Defendants deny the allegations in Paragraph 103 of the Amended Complaint.

104. Defendants deny the allegations in Paragraph 104 of the Amended Complaint.

105. Defendants deny the allegations in Paragraph 105 of the Amended Complaint.

106. As to Paragraph 106 of the Amended Complaint, S.B. 200 speaks for itself, and no response to allegations regarding its content is required. To the extent further response is required, any allegations are denied.

107. As to Paragraph 107 of the Amended Complaint, S.B. 200 and Ohio Rev. Code § 3503.15(A)(2)(a) and (A)(3)(a) speak for themselves, and no response to allegations regarding their content is required. To the extent further response is required, any allegations are denied.

108. The statutes referenced in Paragraph 108 of the Amended Complaint speak for themselves, and no response to allegations regarding their content is required. To the extent further response is required, any allegations are denied.

109. As to Paragraph 109 of the Amended Complaint, Ohio Rev. Code § 3503.21(D) and Directive 2014-14 speak for themselves, and no response to allegations regarding their content is required. To the extent further response is required, any allegations are denied.

110. As to Paragraph 110 of the Amended Complaint, Directive 2014-14 and S.B. 200 speak for themselves, and no response to allegations regarding their content is required. Pursuant to federal and state law, confirmation notices were mailed by county boards of elections in 2011, 2013, and 2014. Defendants deny the remaining allegations in Paragraph 104.

111. As to Paragraph 111 of the Amended Complaint, S.B. 200 speaks for itself, and no response to allegations regarding its content is required. Defendants deny the remaining allegations in Paragraph 105.

112. Defendants deny the allegations in Paragraph 112 of the Amended Complaint.

113. Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and therefore, deny them.

114. Defendants deny the allegations in Paragraph 114 of the Amended Complaint.

115. As to Paragraph 115 of the Amended Complaint, S.B. 200 and Ohio Rev. Code § 3506.22(B)(1) speak for themselves, and no response to allegations regarding their content is required. To the extent further response is required, any allegations are denied. Defendants deny the remaining allegations in Paragraph 115.

116. As to Paragraph 116 of the Amended Complaint, S.B. 205 and S.B. 238 speak for themselves, and no response to allegations regarding their content is required. To the extent further response is required, any allegations are denied. Defendants deny the remaining allegations in Paragraph 110.

117. As to Paragraph 117 of the Amended Complaint, S.B. 200 and Directive 2014-26 speak for themselves, and no response to allegations regarding their content is required. To the extent further response is required, any allegations are denied.

118. Defendants deny the allegations in Paragraph 118 of the Amended Complaint.

119. Defendants deny the allegations in Paragraph 119 of the Amended Complaint.

120. Defendants deny the allegations in Paragraph 120 of the Amended Complaint.

121. Defendants deny the allegations in Paragraph 121 of the Amended Complaint.

122. Defendants deny the allegations in Paragraph 122 of the Amended Complaint.

123. Defendants deny the allegations in Paragraph 123 of the Amended Complaint.

124. Defendants deny the allegations in Paragraph 124 of the Amended Complaint.

125. Defendants deny the allegations in Paragraph 125 of the Amended Complaint.

126. Defendants deny the allegations in Paragraph 126 of the Amended Complaint.

127. Defendants deny the allegations in Paragraph 127 of the Amended Complaint.

128. S.B. 205 speaks for itself, and no response to allegations in Paragraph 128 regarding its content is required. To the extent further response is required, any allegations are denied. Defendants admit that S.B. 205 was signed by the Governor on February 21, 2014.

129. The bill, code provisions, and laws referenced in Paragraph 129 of the Amended Complaint speak for themselves, and no response to allegations regarding their content is required. Secretary Husted mailed unsolicited absentee ballot applications statewide for the November 2012 president general election. Defendants deny the remaining allegations in Paragraph 129.

130. The bill, directive, code provisions, and laws referenced in Paragraph 130 and footnote 6 of the Amended Complaint speak for themselves, and no response to allegations regarding their content is required. To the extent further response is required, any allegations are denied. Defendants deny the remaining allegations in Paragraph 130.

131. Ohio Rev. Code § 3509.03 referenced in Paragraph 131 speaks for itself, and no response to allegations regarding its content is required. To the extent further response is required, any allegations are denied. Defendants deny the remaining allegations in Paragraph 131.

132. As to Paragraph 132 of the Amended Complaint, S.B. 205 and Ohio Rev. Code § 3511.05 speak for themselves, and no response to allegations regarding their content is required. To the extent further response is required, any allegations are denied. Defendants deny the remaining allegations in Paragraph 132.

133. S.B. 205 referenced in Paragraph 133 speaks for itself, and no response to allegations regarding its content is required. To the extent further response is required, any allegations are denied. Defendants deny the remaining allegations in Paragraph 133.

134. The statute referenced in Paragraph 134 speaks for itself, and no response to allegations regarding its content is required. To the extent further response is required, any allegations are denied. No response is required as to the legal conclusions in this Paragraph. To the extent further response is required, any allegations in Paragraph 134 are denied.

135. Defendants deny the allegations in Paragraph 135 of the Amended Complaint.

136. Deny the allegations in Paragraph 136 of the Amended Complaint.

137. Paragraph 137 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied. To the extent there are fact allegations in Paragraph 137, those allegations are denied.

138. Defendants deny the allegations in Paragraph 138 of the Amended Complaint.

139. Defendants deny the allegations in Paragraph 139 of the Amended Complaint.

140.   Defendants deny the allegations in Paragraph 140 of the Amended Complaint.

141.   As to Paragraph 141 of the Amended Complaint, Secretary Husted mailed approximately 6.58 million unsolicited absentee ballot applications for the November 2014 gubernatorial general election.  Defendants deny the remaining allegations in Paragraph 141.

142.   Directive 2014-15 referenced in Paragraph 142 speaks for itself, and no response to allegations regarding its content is required.  Secretary Husted mailed the absentee ballot applications in accordance with Directive 2014-15.  Defendants deny the remaining allegations in Paragraph 142.

143.   Defendants deny the allegations in Paragraph 143 of the Amended Complaint.

144.   Defendants deny the allegations in Paragraph 144 of the Amended Complaint.

145.   Defendants deny the first sentence of Paragraph 145 because it is unclear as to what code provision, directive, or law is being referenced.

146.   Paragraph 146 of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent further response is required, any allegations are denied.

147.   Defendants deny the allegations in Paragraph 147 of the Amended Complaint.

148.   Defendant deny the allegations in Paragraph 148 of the Amended Complaint.

149.   Defendants deny the allegations in Paragraph 149 of the Amended Complaint.

150.   Defendants deny the allegations in Paragraph 150 of the Amended Complaint.

151.   Defendants deny the allegations in Paragraph 151 of the Amended Complaint.

152.   Defendants deny for want of knowledge sufficient to form a belief the allegations in Paragraph 152 of the Amended Complaint.

153.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the statistics and other information that is not accompanied by citations in Paragraph 153, and therefore, deny them.  Defendants deny the remaining allegations in Paragraph 153.

154.  S.B. 216 and Ohio Rev. Code § 3505.183(e) referenced in Paragraph 154 and footnote 7 of the Amended Complaint speak for themselves, and no response to allegations regarding their content is required.  To the extent further response is required, any allegations are denied.  The Governor signed S.B. 216 on February 28, 2014.  Defendants deny the remaining allegations in Paragraph 154 and footnote 7.

155.  S.B. 216 and any prior code provision, directive, or laws in existence prior to the effective date of S.B. 216 speak for themselves, and no response to allegations regarding their content is required.  To the extent further response is required, any allegations are denied.

156.  S.B. 216 referenced in Paragraph 156 of the Amended Complaint speaks for itself, and no response to allegations regarding its content is required.  To the extent further response is required, any allegations are denied.  To the extent there are other allegations in Paragraph 156, they are denied.

157.  S.B. 216 and Ohio Rev. Code §§ 3505.183, 3505.20 referenced in Paragraph 157 of the Amended Complaint speak for themselves, and no response to allegations regarding their content is required.  To the extent further response is required, any allegations are denied.

158.  S.B. 216 and Ohio Rev. Code §§ 3505.183, 3505.20  referenced in Paragraph 158 of the Amended Complaint speak for themselves, and no response to allegations regarding their content is required.  To the extent further response is required, any allegations are denied.

159. S.B. 216 referenced in Paragraph 159 of the Amended Complaint speaks for itself, and no response to allegations regarding its content is required. The remainder of the Paragraph consists of conclusions of law that do not require a response. To the extent further response is required, any allegations are denied. To the extent there are fact allegations in Paragraph 159, the allegations are denied.

160. Defendants deny the allegations in Paragraph 160 of the Amended Complaint.

161. Defendants deny the allegations in Paragraph 161 of the Amended Complaint.

162. Defendants deny the allegations in Paragraph 162 of the Amended Complaint.

163. Defendants deny the allegations in Paragraph 163 of the Amended Complaint.

164. Defendants deny the allegations in Paragraph 164 of the Amended Complaint.

165. Paragraph 165 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied. To the extent there are fact allegations in Paragraph 165, those allegations are denied.

166. Defendants deny the allegations in Paragraph 166 of the Amended Complaint.

167. Defendant denies the S.B. 216 disproportionately burdens any voters and denies for want of knowledge sufficient to form a belief the remaining allegations in Paragraph 167 of the Amended Complaint.

168. Defendants deny the allegations in Paragraph 168 of the Amended Complaint.

169. Defendants deny the allegations in Paragraph 169 of the Amended Complaint.

170. S.B. 216 referenced in Paragraph 170 of the Amended Complaint speaks for itself, and no response to allegations regarding its content is required. To the extent further response is required, any allegations are denied.

171. Paragraph 171 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied. Defendants deny the remaining allegations in Paragraph 171.

172. Paragraph 172 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied. To the extent there are fact allegations in Paragraph 172, those allegations are denied.

173. Defendants deny the allegations in Paragraph 173 of the Amended Complaint.

174. Paragraph 174 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied. To the extent there are fact allegations in Paragraph 174, those allegations are denied.

175. Defendants deny the allegations in Paragraph 175 of the Amended Complaint.

176. Defendants deny the allegations in Paragraph 176 of the Amended Complaint.

177. Defendants deny the allegations in Paragraph 177 of the Amended Complaint.

178. Defendants restate their responses to the preceding paragraphs of the Amended Complaint.

179. Paragraph 179 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied.

180. Defendants deny the allegations in Paragraph 180 of the Amended Complaint.

181. Defendants deny the allegations in Paragraph 181 of the Amended Complaint.

182. Defendants deny the allegations in Paragraph 182 of the Amended Complaint.

183. Defendants restate their responses to the preceding paragraphs of the Amended Complaint.

184. Paragraph 184 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied.

185. Paragraph 185 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied.

186. Defendants deny the allegations in Paragraph 186 of the Amended Complaint.

187. Defendants deny the allegations in Paragraph 187 of the Amended Complaint.

188. Defendants deny the allegations in Paragraph 188 of the Amended Complaint.

189. Defendants restate their responses to the preceding paragraphs of the Amended Complaint.

190. Paragraph 190 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied.

191. Defendants deny the allegations in Paragraph 191 of the Amended Complaint.

192. Defendants deny the allegations in Paragraph 192 of the Amended Complaint.

193. Defendants deny the allegations in Paragraph 193 of the Amended Complaint.

194. Defendants restate their responses to the preceding paragraphs of the Amended Complaint.

195. In response to Paragraph 195 of the Amended Complaint, Defendants assert that the Voting Rights Act, 52 U.S.C. § 10301 speaks for itself.

196.     Defendants deny the allegations in Paragraph 196 of the Amended Complaint.

197.     Defendants deny the allegations in Paragraph 197 of the Amended Complaint.

198.     Paragraph 198 of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent further response is required, any allegations are denied.

199.     Defendants deny the allegations in Paragraph 199 of the Amended Complaint.

200.     Defendants deny the allegation in Paragraph 200 of the Amended Complaint.

201.     Defendants restate their responses to the preceding paragraphs of the Amended Complaint.

202.     Because Plaintiffs admit in footnote 8 of the Amended Complaint that there is no private right of action under 52 U.S.C. § 10101(a)(2)(B), as a matter of law, this count should be dismissed.  To the extent further response is necessary, Defendants assert that 52 U.S.C.A. § 10101(a)(2)(B) speaks for itself.

203.     Defendants admit, as Plaintiffs have in footnote 8 of the Amended Complaint, that there is no private right of action under 52 U.S.C. § 10101(a)(2)(B), and as a matter of law, Count V should be dismissed.  Defendants deny the remaining allegations in Paragraph 203.

204.     Defendants admit, as Plaintiffs have in footnote 8 of the Amended Complaint, that there is no private right of action under 52 U.S.C. § 10101(a)(2)(B), and as a matter of law, Count V should be dismissed.  Defendants deny the remaining allegations in Paragraph 204.

205.     Defendants restate their responses to the preceding paragraphs of the Amended Complaint.

206.     Defendants deny the allegations in Paragraph 206 of the Amended Complaint.

207. Paragraph 207 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied.

208. Paragraph 208 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied.

209. Paragraph 209 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied.

210. Defendants deny the allegations in Paragraph 210 of the Amended Complaint.

211. Defendants restate their responses to the preceding paragraphs of the Amended Complaint.

212. Paragraph 212 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent further response is required, any allegations are denied.

213. Defendants deny the allegations in Paragraph 213 of the Amended Complaint.

214. Defendants deny the allegations in Paragraph 214 of the Amended Complaint.

215. Defendants deny the allegations in Paragraph 215 of the Amended Complaint.

216. Defendants deny that Plaintiffs are entitled to any relief in this case.

217. Defendants deny each and every allegation not specifically admitted to be true or explicitly designated as not disputed in the paragraphs above.

218. Defendants deny all allegations in Plaintiffs' "Request for Relief" and in the headers and sub-headers.

## AFFIRMATIVE DEFENSES

219.    Plaintiffs fail to state a claim upon which relief may be granted.

220.    Plaintiffs lack standing to bring this action.

221.    Plaintiffs fail to join one or more necessary parties.

222.    The statute of limitations or laches bars some or all of Plaintiffs' claims.

223.    Estoppel bars some or all of Plaintiffs' claims.

224.    Controlling legal precedent bars some or all of Plaintiffs' claims.

225.    None of the challenged statutes, bills, laws, or directives violates the First Amendment to the United States Constitution.

226.    None of the challenged statutes, bills, laws, or directives violates the Fourteenth Amendment to the United States Constitution.

227.    None of the challenged statutes, bills, laws, or directives violates the Fifteenth Amendment to the United States Constitution.

228.    None of the challenged statutes, bills, laws, or directives violates 42 U.S.C. § 1983.

229.    None of the challenged statutes, bills, laws, or directives violates Section 2 of the Voting Rights Act.

230.    None of the challenged statutes, bills, laws, or directives violates Section 1971 of the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B).

231.    Section 1971 of the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B) does not create a private right of action.

232.    None of the challenged statutes, bills, laws, or directives discriminates against or has a disparate impact based on race or age or political affiliation.

233.    Plaintiffs are unable to prove discriminatory intent.

234. The challenged statutes, bills, codes, laws, and directions are neutral and non-discriminatory.

235. The challenged statutes, bills, codes, laws, and directives are supported by rational, legitimate, or compelling state interests.

236. Plaintiffs are unable to prove a causal connection between the injury they allege and any of the challenged statutes, bills, laws, or directives.

237. Plaintiffs' inability to prove an objective benchmark causes Plaintiffs' Voting Rights Act claim to fail.

238. The principle of constitutional avoidance bars Plaintiffs' claims.

239. All of the challenged statutes, bills, codes, laws, and directives surpass the relevant standard of review.

240. The principle of federalism bars Plaintiffs' claims.

241. The doctrine of separation of powers bars Plaintiffs' claims.

242. Plaintiffs are not entitled to facial relief because Plaintiffs cannot prove the required showing for this relief.

243. Plaintiffs cannot establish any injury-in-fact; their claims are based on speculation.

244. Plaintiffs' claims for relief violate the doctrine of judicial restraint.

245. Plaintiffs ask the Court for relief that is beyond the powers of the judiciary and that the Court is unable to grant.

246. The doctrines of impossibility, impracticability, and *Purcell v. Gonzalez*, 549 U.S. 1 (2006), bar Plaintiffs' claims.

247. Defendants reserve the right to add affirmative defenses as they become apparent in discovery.

WHEREFORE, Defendants respectfully ask that Plaintiffs' claims be dismissed in their entirety, with prejudice, and that Plaintiffs be awarded no relief, no costs, and no fees. Defendants request their costs and expenses and all other relief to which they are entitled under the law.

Respectfully submitted,

MICHAEL DEWINE (0009181)
Ohio Attorney General


*s/ Steven T. Voigt*
STEVEN T. VOIGT (0092879)*
 * *Lead and Trial Counsel*
SARAH E. PIERCE (0087799)
TIFFANY L. CARWILE (0082522)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 Fax: 614-728-7592
steven.voigt@ohioattorneygeneral.gov
sarah.pierce@ohioattorneygeneral.gov
tiffany.carwile@ohioattorneygeneral.gov

*Counsel for Defendants Secretary of State and Ohio Attorney General*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was electronically filed with the U.S. District Court, Southern District of Ohio, on October 1, 2015, and served upon all parties of record via the court's electronic filing system.

<div style="margin-left: 50%;">

*/s/ Steven T. Voigt*

STEVEN T. VOIGT (0092879)
Assistant Attorney General

</div>