IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE OHIO ORGANIZING COLLABORATIVE,
*et al.*,

        Plaintiffs,

           v.

JON HUSTED, *et al.*,

        Defendants.

Case No. 2:15-cv-01802
Judge Watson
Magistrate Judge King

**OPINION AND ORDER**

This action was initiated by the Ohio Organizing Collaborative ("OOC") and two individuals. On September 2, 2015, the OOC was granted leave to withdraw as a plaintiff and the Ohio Democratic Party, the Democratic Party of Cuyahoga County, and the Montgomery County Democratic Party (collectively, "the Democratic Party") were substituted as plaintiffs. *Opinion and Order*, ECF No. 40. Plaintiffs seek declaratory and injunctive relief, alleging that the defendants' implementation and administration of six statutes and directives (the "Challenged Provisions")[1] violate the First, Fourteenth, and Fifteenth Amendments to the United States Constitution, Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, and Section 1971 of the Civil Rights

---

[1] The Challenged Provisions are (1) S.B. 238, which eliminates the so-called "Golden Week"; (2) Ohio Rev. Code § 3501.10(C), which limits early in-person voting locations to one per county; (3) S.B. 200, which changes the voter registration maintenance system and the formula for determining the number of electronic voting machines allocated to each county; (4) S.B. 205, which alters the absentee ballot requirements; (5) Directive 2014-15, which addresses the mailing of unsolicited absentee ballots; and (6) S.B. 216, which changes provisional ballot requirements. *See Amended Complaint* at PAGEID# 472-95.

Act of 1964, 52 U.S.C. § 10101. Named as defendants are the Ohio Secretary of State and the Ohio Attorney General in their official capacities. *See generally Amended Complaint*, ECF No. 41.

On November 6, 2015, defendants filed *Defendants' Motion to Compel*, ECF No. 60 ("*Motion to Compel*") seeking production of documents in response to defendants' *Requests for Production* ("RFP") Nos. 8-15, 19, 20, 22, 23, and 37. For the following reasons, the *Motion to Compel* is **DENIED** except that plaintiffs must forthwith produce a privilege log in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

## I. Background

Plaintiffs allege that the Challenged Provisions, if enforced in future elections, will severely limit poll access to thousands of Ohioans in violation of the First and Fourteenth Amendments, *Amended Complaint* at PAGEID# 502 (Count I), were intended, at least in part, to discriminate against racial minorities in violation of the Fourteenth and Fifteenth Amendments, *id.* at PAGEID# 504 (Count II), violate the Equal Protection Clause by "fencing out" voters based on predicted voting patterns, *id.* at PAGEID# 505 (Count III), and violate Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, by denying African American and Latino voters the ability to vote based on their race, *id.* at PAGEID# 505-06 (Count IV). Plaintiffs also allege that S.B. 205 and S.B. 216 will deny voters the right to vote as a result of immaterial errors on absentee ballot identification envelopes and provisional ballot affirmation forms in violation of Section 1971 of the Civil Rights Act of 1964, *id.* at PAGEID# 507 (Count V), that

2

defendants' failure to provide notice and opportunity to correct mistakes on provisional ballot affirmation forms constitutes a violation of voters' rights to procedural due process under the Fourteenth Amendment, *id.* at PAGEID# 508 (Count VI), and that, by granting to county boards of election the discretion to combine pollbooks in multi-precinct voting locations, S.B. 216 creates an arbitrary system that penalizes some voters in violation of the Equal Protection Clause of the Fourteenth Amendment, *id.* at PAGEID# 509 (Count VII).

During discovery, defendants requested the production of all financial information from the Democratic Party (RFP 8, 14), all documents relating to the effect of the Challenged Provisions on the Democratic Party's Get Out the Vote ("GOTV") drives and other voting initiatives (RFP 9, 10, 11), and all internal and external communications relating to the Challenged Provisions, including communications about the Democratic Party's decision to join the litigation and documents reflecting any internal dissent regarding that decision (RFP 12, 19, 20, 22, 23). *See Plaintiffs' Opposition to Defendants' Motion to Compel* ("*Plaintiffs' Opposition*"), *Exhibit A*, ECF No. 62-1. Defendants also requested the identities of the Democratic Party's officers or "controlling" members (RFP 13), any documents referencing any plan, program, purpose, or event relating to the Challenged Provisions (RFP 15), and all documents referencing the Democratic Party's decision to join the lawsuit (RFP 37). *See id.* Plaintiffs responded to defendants' requests for production on October 9, 2015. *See Plaintiffs' Opposition*, *Exhibit A*. Plaintiffs objected to

RFP 8-15, 19, 20, 22, 23, and 37 on a number of grounds, including relevance, overbreadth, redundancy, attorney-client privilege, and an associational privilege under the First Amendment. *See id.*[2] Plaintiffs did not produce a privilege log.

The *Motion to Compel* characterizes the discovery sought as "highly relevant" to not only the merits of plaintiffs' claims but also the Democratic Party's standing to pursue the claims asserted in this action. *Motion to Compel,* PAGEID# 695. The motion seeks the production of documents responsive to the requests and asks that plaintiffs be required to produce a privilege log for all documents withheld or redacted based on any claimed privilege. *Id.* at PAGEID# 690. Recognizing the sensitivity of the information sought by the challenged requests, defendants propose a protective order that would prohibit the public disclosure of the information sought. *See id.*

*Plaintiffs' Opposition* characterizes the *Motion to Compel* as untimely because it was filed after the close of discovery, *Plaintiffs' Opposition* at PAGEID# 700, and deficient because it lacks the certification required by Rule 37(a) of the Federal Rule of Civil Procedure and because defendants made no effort to meet and confer with plaintiffs prior to filing the motion. *See id.* Plaintiffs also contend that the First Amendment's associational privilege protects the information sought from production to defendants, *see id.* at PAGEID# 701-08, and they argue that even producing a privilege log

---

[2] Plaintiffs produced materials responsive to RFP 8 – 11, and 15 insofar as those requests related to past GOTV, voter registration, and other campaign- and election-related efforts, but objected to the requests to the extent that they related to plaintiffs' future plans. *Plaintiffs' Opposition*, PAGEID# 700, n. 1.

4

would infringe on their First Amendment rights. *See id.* at PAGEID# 709.

## II. Discussion

The *Motion to Compel* is defective on several bases. First, defendants have not established that they satisfied Rule 37(a), which requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). on this basis alone, then, the *Motion to Compel* must be denied. Moreover, defendants' discovery requests are, in certain respects, overbroad and burdensome. For example, RFP 14 requests the production of "[a]ll documents related to, or reflecting ODP's, DPCC's, or MCDP's accounting books, financial statements, annual statements, budgets, earnings, expenses, line items, income, donations, debt, loans, forecasts, and projections." *See Plaintiffs' Opposition*, *Exhibit A* at PAGEID# 731. Although the scope of discovery is generally broad, *see* Fed. R. Civ. P. 26(b), courts nevertheless have the discretion to "limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007); *see also Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Even assuming that the requested discovery is relevant to the issue of standing, an issue that "requires only a minimal showing of injury," *Crawford v. Marion Cnty. Election Bd.*, 472 F.3d 949, 950-51 (7th Cir. 2007) *aff'd*, 553 U.S. 181, 189 n. 7 (2008)(Holding that

5

political party has standing to challenge the constitutionality of a state law that required registered voters to present a photo ID), the breadth of the discovery requests and the burden on plaintiffs in responding to those requests outweigh the "likely benefit, considering the needs of the case. . . " *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). Particularly is this so in light of the Democratic Party's production of documents relating to its past GOTV, voter registration, and other campaign- and election-related efforts.[3]

More importantly, however, the Court concludes that the information sought by the challenged requests for production of documents is privileged under the First Amendment.

The broad scope of discovery excludes privileged information. *See* Fed. R. Civ. P. 26(b). The First Amendment's associational privilege recognizes that, in certain circumstances, the right to freedom of association can outweigh the need for disclosure of information. *See*, *e.g.*, *NAACP v. Alabama*, 357 U.S. 449, 460-67 (1958). This freedom to associate includes the freedom to make financial contributions to further a common goal and the compelled disclosure of information may be inappropriate when it negatively impacts an organization's ability to "pursue collective effort to foster beliefs," or "induce[s] members to withdraw." *See id.* at 462-63; *Tree of Life Christian Sch. V. City of Upper Arlington*, No. 2:11-cv-00009, 2012 WL 831918, at *2 (S.D. Ohio Mar. 12, 2012) (citing *Buckley v. Valeo*, 424 U.S. 1, 22 (1976)). The associational privilege is not absolute, however, and courts

---

[3] In reaching this conclusion, the Court expresses no opinion as to the proper resolution of the issue of the Democratic Party's standing to pursue the claims asserted in this action. That issue remains for the District Judge's consideration and determination.

confronting the issue must balance one litigant's interest in discovery against the burden on another litigant's constitutional right of association. *See Tree of Life*, 2012 WL 831918, at *2.

The party asserting associational privilege must first demonstrate an "arguable first amendment infringement." *See id.* at *3 (citing *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010)). "[A] party must 'demonstrate an objectively reasonable probability that disclosure will chill associational rights.'" *Id.* at *3 (quoting *Independence Inst. V. Gessles*, No. 10-cv-00609, 2011 WL 809781, at *2 (D. Colo. Mar. 2, 2011). A court must then consider "whether disclosure will result in 'membership withdrawal, discouragement of new members, or. . . other consequences which objectively suggest an impact on. . . the members' associational rights.'" *Id.* (quoting *Perry*, 591 F.3d at 1160).

If the party invoking the privilege carries this initial burden, the burden then shifts "to the party seeking discovery to 'demonstrate[] an interest in obtaining the disclosures it seeks. . . which is sufficient to justify the deterrent effect. . . on the free exercise. . . of [the] constitutionally protected right of association.'" *Id.* (quoting *Perry*, 591 F.3d at 1161). "Courts will look to a variety of factors in balancing these interests, including (1) the relevance of the evidence; (2) the necessity of receiving the information sought; (3) whether the information is available from other sources; and (4) the nature of the information." *Id.* (internal quotations omitted). The party seeking discovery must demonstrate that the information sought is highly relevant to the claims or defenses in

7

the case, a more stringent showing than is required by the general relevancy requirement under Rule 26(b)(1). *See id.*

Defendants contend that the plaintiffs have failed to demonstrate an arguable First Amendment infringement because they present no evidence of threats, harassment, or reprisals. *Motion to Compel* at PAGEID# 693. However, the avoidance of threats, harassment, or reprisals is just one interest protected by the First Amendment freedom of association. *See NAACP v. Alabama*, 357 U.S. at 462 (Noting that the plaintiff had made an "uncontroverted showing that on past occasions revelation of the identity of its rank-and-file members has exposed these members to economic reprisal, loss of employment, threat of physical coercion, and other manifestations of public hostility.)". In this case, plaintiffs have demonstrated an objectively reasonable probability that further substantive response to RFP 8-15, 19, 20, 22, 23, and 37 would have a chilling effect on plaintiffs' First Amendment associational rights. The challenged requests seek the Democratic Party's financial information (RFP 8 and 14), strategic plans (RFP 9-11, 15), and internal and external communications in connection with this litigation (RFP 12, 19, 20, 22, 23, 37). *Plaintiffs' Opposition*, *Exhibit A* at PAGEID# 720-746, 757. To require the Democratic Party to make further substantive response to the challenged requests would require the disclosure of a wealth of financial, donor, membership, and strategic information – information that goes far beyond the issue of standing or even the merits of this action. The Court has no doubt that the compelled disclosure of such sensitive information in the context of highly charged litigation involving issues of great

political controversy would have a chilling effect on plaintiffs' freedom of association by adversely impacting their ability to organize, promote their message(s), and conduct their affairs. *See*, *e.g.*, *AFL-CIO v. FEC*, 333 F.3d 168, 177 (D.C. Cir. 2003) (Holding that the disclosure of internal planning materials of a political organization would have a chilling effect on the group's First Amendment rights). Under these circumstances, the Court concludes that plaintiffs have made the required threshold showing of the First Amendment privilege.

   The Court also concludes that defendants have failed to carry their burden of establishing an interest in the discovery sought that is sufficient to overcome plaintiffs' First Amendment concerns. As noted *supra*, the Democratic Party has produced documents relating to its past elections-related activities and much of the discovery still sought by defendants goes far beyond the reasonable needs of defendants in this litigation. Under these circumstances, defendants have not established that the information sought by the challenged requests is highly relevant to either the issue of standing or the merits of plaintiffs' claims.

   Defendants' argument that a protective order will adequately preserve plaintiffs' First Amendment associational rights is similarly unavailing. *See Motion to Compel* at PAGEID# 689. The case on which defendants rely in this regard, *Marshall v. Bramer,* 828 F.2d 355 (6th Cir. 1987), involved only the production of an organization's membership list pursuant to a protective order prohibiting the public filing of that list. *Marshall* did not involve, as do the challenged

9

requests in this case, the requested disclosure of sensitive political information – not highly relevant to the claims or defenses of the action - to parties that can reasonably be perceived as political adversaries. *See id.* It is the very fact that defendants would have access to this sensitive information that gives rise to the Democratic Party's First Amendment concerns. The protective order proposed by defendants would not alleviate those First Amendment concerns.

In short, this Court concludes that defendants have not established that further substantive response to the challenged requests is appropriate.

However, although plaintiffs have established a First Amendment associational privilege, the mere invocation of that privilege does not shield the Democratic Party from the requirements of Rule 26(b)(5). That Rule requires that a party who resists discovery based on privilege produce a privilege log that

> describes the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, *without revealing information itself privileged or protected*, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(emphasis added). Plaintiffs concede that they failed to produce a privilege log, but argue that to do so would be tantamount to an infringement on their First Amendment rights because "[a] privilege log would disclose the identities of Plaintiffs' supporters and those with whom they communicate about their plans, strategies and goals." *Plaintiffs' Opposition*, PAGEID# 709. This Court disagrees. The Rule expressly contemplates a privilege log that does not disclose the "privileged or protected" information. The Democratic

Party must, therefore, produce a privilege log that, without divulging the privileged information, refers to each document withheld (or category of documents withheld) and includes sufficient information to justify the invocation of the privilege. *See* Fed. R. Civ. P. 26(b)(5).

For the foregoing reasons, the *Motion to Compel*, ECF No. 60, is **DENIED** except that plaintiffs must forthwith produce a privilege log in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

|  |  |
|---|---|
| November 12, 2015 | *s/  Norah McCann King*___<br>Norah McCann King<br>United States Magistrate Judge |

11